IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELISHA RIGGLEMAN,

      Plaintiff,

v.           CIVIL ACTION NO.   2:13-cv-22194

TERESA L. DEPPNER, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1).  By *Standing Order* (Document 2), entered August 27, 2013, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On October 29, 2013, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 4), wherein he recommended that this Court dismiss the Plaintiff's Complaint without prejudice. [1]  On November 15, 2013, the Plaintiff timely filed his objections to the PF&R (Document 5), which the Court has reviewed.   After thorough review and consideration, the Court finds, for the reasons stated herein, that the Plaintiff's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

---

1  The Court notes that the Plaintiff instituted the present lawsuit as a "FOIA civil law suit pursuant to 5 U.S.C. § 552(2)(4)(B)."   (See Complaint.)   Magistrate Judge Tinsley noted that the Plaintiff's action instead should have been brought pursuant to 5 U.S.C. § 552(a)(4)(B).   (PF&R at 3.)

## I.   FACTUAL & PROCEDURAL HISTORY

Magistrate Judge Tinsley's PF&R sets forth in great detail the somewhat limited factual and procedural background to this matter. The Court now incorporates by reference those facts and procedural history, but, to provide context for the ruling herein, the Court provides the following summary.

On August 22, 2013, Plaintiff, an inmate at USP Canaan[2] in Waymart, Pennsylvania, filed a one page Complaint under the Freedom of Information Act (FOIA), seeking knowledge "of all special appointed Assistant United States Attys (SAUSA) in the southern district of WV from January 01, 2003 until January 01, 2014." (Document 1.) The Plaintiff also requested information concerning "all Attys appointed, law firm or Attys Bar No # and state the Atty is from, what case the SAUSA was appointed to prosecute, and by who he/she was appointed." (*Id*.)

On October 29, 2013, Magistrate Judge Tinsley submitted his PF&R, wherein he recommended that this Court dismiss the Plaintiff's complaint because it "fails to set forth any allegations concerning whether [the Plaintiff] has properly exhausted his administrative remedies." (Document 4 at 5.) The October 29, 2013 PF&R also informed the Plaintiff of his right, within seventeen (17) days of the filing of the PF&R, to submit specific written objections identifying the portions of the PF&R to which objection is made, and the basis of such objection. (Id. at 5-6.) As stated above, the Plaintiff timely filed his objections on November 15, 2013.

---

2   The Plaintiff was incarcerated at USP Canaan when he filed the complaint, but he was subsequently moved to USP Beaumont, in Beaumont, Texas. A check of the Bureau of Prisons Inmate Locator (www.bop.gov) on December 6, 2013, confirmed that the Plaintiff still resides at USP Beaumont.

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III. APPLICABLE LAW

Congress passed the Freedom of Information Act, 5 U.S.C. § 552, in 1966 "to establish a general philosophy of full agency disclosure," and "to assure the availability of Government information necessary to an informed electorate." *Coleman v. Drug Enforcement Admin.*, 714 F.3d 816, 818 (4th Cir. 2013) (citations omitted). It is a benchmark requirement that a requester exhaust the administrative process before filing suit, and such process usually begins with a "request for records" from the respective agency. Id. at 819; s*ee also Rivera v. Ford*, 440 F. Supp. 732 (D. P.R. 1977). Importantly, the text of the statute itself states that "[a]ny person making a

request for records under paragraphs (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provision of this paragraph." 5 U.S.C. § 552 (a)(6)(C)(i).[3] The statute implies that a FOIA request be tendered to the respective agency, such that if the requester does not file a request, administrative remedies cannot be exhausted. *See Glazebrook v. Inmate Grievance Procedure Records Adm'r*, 60 F.3d 821 fn *, (4th Cir. 1995) ("We note that if Appellant refiles his action, he should provide to the district court copies of all documentation relating to his FOIA requests so that the district court may determine whether Appellant has actually or constructively exhausted his administrative remedies. See U.S.C.A. § 552(a)(6).").

## IV. DISCUSSION

Plaintiff submitted one general objection to the Magistrate Judge's PF&R, or that "[he] clearly state[d] that this complaint is not frivolous, malicious, and does state a claim in which it can be granted and this is: To simply provide a list of any and all special assistant U.S. Attys that has (sic) been appointed in the southern district of WV … ." (Document 5.) Although Plaintiff is acting *pro se*, and thus, his pleadings are accorded liberal construction (s*ee Estelle*, 429 U.S. at 106; *Loe*, 582 F.2d at 1295), the Court finds that Plaintiff's objections are without merit.

The Magistrate Judge clearly articulated in the PF&R that the Plaintiff has not "set forth whether he previously requested this information from the Office of the United States Attorney for the Southern District of West Virginia, and, if so, what response he received. In the absence of

---

3    The PF&R incorrectly cited the aforementioned statute. (Document 4 at 4.) The language quoted was correct and applicable to this issue, but the citation was incorrect.   The correct citation reference for this section of the statute should have been 5 U.S.C. § 552(a)(6)(C)(i) instead of 5 U.S.C. § 552(a)(4)(C). The Plaintiff was not prejudiced by this error, however, and his objections do not challenge the sufficiency of the statute or the adequacy of the Magistrate Judge's interpretation of said statute.

4

allegations indicating that a plaintiff has attempted to exhaust his administrative remedies, a Complaint under 5 U.S.C. § 552(a)(4)(B) fails to state a claim upon which relief can be granted." (Document 4 at 4-5.) (citation omitted).  The Magistrate Judge goes on to explain, via footnote, that the Plaintiff most likely intended to treat this filing as a formal request, but that the Plaintiff should understand that the Office of the Clerk of the United States District Court is not the appropriate venue for such a request, nor is this lawsuit the appropriate vehicle for making a request.  (*Id*. at 5, fn 3.)   The PF&R further states that treating this complaint as a formal FOIA request is inappropriate and illogical as the Plaintiff styled his filing "FOI civil lawsuit."   (*Id*.)

The Court finds the Plaintiff's objections are conclusory in nature, and when a Plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations," the Court need not conduct a de novo review.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  Simply put, the Plaintiff has not challenged the factual findings or the applicable law cited in the PF&R.  Specifically, the Plaintiff has not challenged the Magistrate Judge's legal finding that a requester must submit a FOIA request to the appropriate agency, or else it cannot be said that he exhausted his administrative remedies.  In this case, it appears that the Plaintiff has not even initiated exhaustion of the administrative process underlying FOIA requests.

## V.     CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 4) dismissing Plaintiff's Complaint be **ADOPTED**, and that the Plaintiff's objections to the PF&R (Document 5) be

**OVERRULED**. The Court **ORDERS** that the Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 9, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA